OWEN W. CONNER ET AL. *v.* LUKE W. GRAY ET AL.

[41 South. Rep., 186.]

1. ELECTIONS. *Equity jurisprudence. Injunction.*

Equity will enjoin an election only where the holding of it would violate the constitution or laws of the state.

2. SAME. *New counties. Constitution* 1890, *sec.* 260. *Laws* 1906, *ch.* 166, *p.* 179. *Jefferson-Davis County.*

The act creating Jefferson-Davis County, laws 1906, ch. 166, p. 179, complies with the provisions of constitution 1890, sec. 160, authorizing the formation of new counties, and the holding of the election therein authorized would not be violative of law, and should not be enjoined, although it entails expense on the taxpayers.

3. SAME. *Constitution* 1890, *secs.* 87, 255. *Local legislation. Senatorial representation.*

The act creating Jefferson-Davis County, laws 1906, ch. 166, p. 179, assuming that the election will carry for the new county, is not unconstitutional because :

(*a*) It would deprive certain officers of one or more of the old counties of the right to hold office for the balance of their terms ; nor because,

(*b*) It would deprive one or more of the old counties of a legal board of supervisors by transferring the residence of members from the old to the new county ; nor because,

(*c*) It is local legislation, forbidden by constitution 1890, sec. 87 ; nor because,

(*d*) It effects one or more senatorial districts as created by constitution 1890, sec. 255.

4. SAME. *Officers. Interest in subject.*

Officers of an existing county cannot enjoin an election to determine whether a new county shall be created because their right to office would be affected.

FROM the chancery court of Covington county.

HON. THADDEUS A. WOOD, Chancellor.

Conner and others, appellants, were complainants in the court below; Gray and others, appellees, were defendants there.

From a decree dissolving a preliminary injunction the complainants appealed to the supreme court.

The suit was in the chancery court, and was instituted by certain citizens and taxpayers of Lawrence and Covington counties one of them a justice of the peace of Lawrence county, to restrain the holding of an election by the election commissioners appointed by the governor under an act of the legislature of 1906 providing for the creation of a new county, to be called, if created, Jefferson Davis. The point most relied on was that the act of the legislature was unconstitutional, in that it incorporated into the proposed new county the territory of two old counties and provided for the selection of county officers for the new county, thereby, if the vote in favor of the new county carried, vacating certain offices in the old counties held by residents of the portions of the dismembered counties which are to be included in the new county, alleging that one of the complainants, who was a justice of the peace and elected to hold office for a term of four years, would be deprived of his office by having his district included in the new county. The temporary injunction granted did not restrain the election commissioners from holding the election, but enjoined them from making the returns thereof to the secretary of state.

The defendants made a motion to dissolve the injunction on the ground that the chancery court had no power to interfere with a political election; that the remedy, if any, lay in *quo warranto* proceedings, and that no rights existed in any officer of either Lawrence or Covington county which could warrant the court to adjudge the act of the legislature unconstitutional.

*Longino, Willing & Wilson,* for appellants.

The chancery court has jurisdiction and power to restrain by injunction any violation of the constitution in the organization of new counties. *Simpson Co.* v. *Buckley,* 85 Miss., 713 (38 South. Rep., 104); *Hinton* v. *Perry Co.,* 84 Miss., 536 (36 South. Rep., 565); *Maury Co.* v. *Lewis Co.,* 1 Swan (Tenn.),

236; *Ford* v. *Farmer,* 9 Humph. (Tenn.), 152; *Humphreys Co.* v. *Houston Co.,* 4 Bax. (Tenn.), 593; *Bridgenor* v. *Rodgers,* 1 Cold. (Tenn.), 259; *Bradley* v. *Commissioners,* 2 Humph. (Tenn.), 428 (37 Am. Dec., 563); *Layton* v. *Mayor,* 50 La. Ann., 121 (23 South. Rep., 99); *Mayor* v. *Hughes,* 110 Ga., 795 (36 S. E. Rep., 247); *Railroad Company* v. *Commissioners,* 108 N. C., 56 (12 S. E. Rep., 952); *State* v. *Eggleston,* 34 Kan., 714 (10 Pac. Rep., 3); *State* v. *Cunningham,* 81 Wis., 440 (51 N. W. Rep., 724; 15 L. R. A., 561); *Solomon* v. *Fleming,* 34 Neb., 40 (51 N. W. Rep., 304); 7 Am. & Eng. Ency. Law (2d ed.), 912; 2 High on Injunctions (4th ed.), 1260.

The act creating Jefferson Davis county is unconstitutional. *Gibbs* v. *McIntosh,* 78 Miss., 648 (29 South. Rep., 465); *Gibbs* v. *Green,* 54 Miss., 612; *Warren Mills* v. *New Orleans Seed Co.,* 65 Miss., 391 (4 South. Rep., 298; 7 Am. St. Rep., 671); *Illinois Central Railroad Co.* v. *Garrison,* 81 Miss., 257 (32 South. Rep., 996; 95 Am. St. Rep., 469); *Crawford* v. *Railroad Co.,* 83 Miss., 708 (36 South. Rep., 82; 102 Am. St. Rep., 476); *Runnels* v. *State,* Walk., 146; *Hyde* v. *State,* 52 Miss., 665; *Lehman, Ex parte,* 60 Miss., 967; *Newsom* v. *Cocke,* 44 Miss., 352 (7 Am. St. Rep., 686); *Fant* v. *Gibbs,* 54 Miss., 396; *Holder* v. *Sykes,* 77 Miss., 64 (24 South. Rep., 261); *Bittle* v. *Stuart,* 34 Ark., 224.

*R. D. Cooper,* on the same side.

*McIntosh Bros.; Alexander & Alexander,* and *Geo. B. Power,* for appellees.

Equity has no power to enjoin holding of elections. McCrary on Elections, secs. 220, 318, 340; *Dickey* v. *Reed,* 78 Ill., 261; *Peck* v. *Weddell,* 17 Ohio St. Rep., 271; *Sanders* v. *Metcalf,* 1 Tenn. Chy., 419; *Willeford* v. *State,* 43 Ark., 67; 15 Cyc., 394, and citations; 18 Cent. Dig., 245, 251; 10 Am. & Eng. Ency. Law (2d ed.), 817; *Harris* v. *Schryock,* 82 Ill., 119; *Smith* v. *McCarthy,* 56 Pa., 359; *Darst* v. *People,* 62 Ill., 306;

*Guebelle* v. *Epley,* 1 Col. App., 199 (28 Pac. Rep., 89) ; *Walton* v. *Develing,* 61 Ill., 201; *Hardesty* v. *Taft,* 23 Md., 512 (87 Am. Dec., 584) ; 27 Cent. Dig., sec. 151.

The power to alter the territorial jurisdiction of a justice of the peace necessarily arises from the constitutional power vested in the legislature to create new counties.    *Ex parte McCollum,* 1 Cow. (N. Y.), 450; *Portwood* v. *Montgomery County,* 52 Miss., 525.

Every presumption is in favor of the constitutionality of a statute, and the judicial department will be justified in pronouncing it unconstitutional only when it is a manifest usurpation of power.    6 Am. & Eng. Ency. Law (2d ed.), 1086 ; . *Newsom* v. *Cocke,* 44 Miss., 352 (7 Am. St. Rep., 686) ; *People* v. *Allen,* 42 N. Y., 381; *Macomber* v. *Mayor,* 17 Abb. Prac. (N. Y.), 35 ; *People* v. *Supervisors,* 17 N. Y., 241; *Van Dyck case,* 27 N. Y., 460.

Part of a statute may be unconstitutional, and the residue constitutional and valid.    20 Am. & Eng. Ency. Law (2d ed.), 570; *Marshall Field & Co.* v. *Clark, U. S. Inspector Customs,* 143 U. S., 676 (12 Sup. Ct. Rep., 495 ; 36 L. ed., 294) ; *Cronly* v. *Tucson* (Ariz.), 56 Pac. Rep., 876.

MAYES, J., delivered the opinion of the court.

It seems to us that the jurisdiction of the chancery court to enjoin the holding of an election, which is in violation of the constitution and laws of the state, is well sustained on authority. On the other hand, the courts will not interfere in any election where it is not called in violation of the constitution and laws of the state.    In all the cases cited by counsel for appellant, where the chancery court has enjoined, without a single exception, it has been in cases where the election was attempted to be held under authority void under the constitution and laws of the state. Where the authority which conferred the right to hold the election is itself unconstitutional and void, it is unquestioned that the chancery court has the power to enjoin it at the instance of

any suitor who shows that a direct injury will be inflicted upon him by the holding of such an election. In support of the proposition that under such circumstances the court can enjoin, we refer to the cases cited by counsel for appellants. Thus, in the case of *Simpson County* v. *Buckley,* 81 Miss., 474 (33 South. Rep., 650), it was decided that any citizen or taxpayer had the right to invoke the aid of chancery to prevent a violation of the constitution. In the case of *Maury County* v. *Lewis County,* 1 Swan (Tenn.), 236, the right of the chancery court to enjoin the officers of the new county from exercising jurisdiction within its limits was enjoined upon the ground that the creation of a new county was unconstitutional and void. So it was in the case of *Ford* v. *Farmer,* 9 Humph. (Tenn.), 152, and *Humphreys County* v. *Houston County,* 4 Bax. (Tenn.), 593, and in fact it is put upon this ground in every case cited by counsel for appellants where the right to enjoin has been sustained.

On the other hand, in the authorities cited by counsel for appellees, where the courts have denied this right, it has been in cases where the authority providing for the holding of the election was, in itself, not violative of the constitution and laws of the state. We refer to the authorities cited in the brief of counsel on each side as authority for these propositions. As was said in the case of *Humphreys County* v. *Houston County, supra,* "the creation of a new county is a legislative and not a judicial function, but the chancery court has jurisdiction to prevent a violation of the constitution and laws in fixing the boundaries of new counties or in securing to the old counties out of which the new one is carved so much of their territory as is declared inviolable, or by protecting such other rights as are guaranteed by the organic law." This announcement of the law is in no way in conflict with the law as announced in the case of *Gibbs et al.* v. *McIntosh et al.,* 78 Miss., 648 (29 South. Rep., 465). We reannounce what is said in that case, that "it is not the policy of this state to have elections and other political matters of government reserved to legislative discretion interfered with by the

judges and officers of the judicial department of the government," and it will only be done in a case where the legislature has not the power to authorize the holding of an election under the constitution, or where, having the power, they have exercised it in a way which is in plain violation of the constitution of the state, but in both instances it must appear from the act itself that it is unconstitutional.

With this announcement as to the circumstances under which the chancery court will entertain jurisdiction to enjoin elections, we proceed now to a discussion of the particular case before us. Section 260 of the constitution expressly gives the power to the legislature to form new counties, subject only to the restriction that it shall be submitted to the vote of the qualified electors in each part of the county or counties proposed to be dismembered and embraced in a new county, and that it shall not be formed unless a majority of the qualified electors voting in each part of the county or counties proposed to be dismembered and embraced in a new county shall separately vote therefor, and subject to the further restriction that no new county shall contain less than 400 square miles, nor shall any existing county be reduced below that size. Thus we see that by express provision of the constitution itself authority is given to the legislature to create a new county by calling an election for that purpose and submitting it to the electors specified in the section. This they did in an act which upon its face in every way conformed to the requirements of the constitution. This was a power conferred by the constitution upon the legislature, which they have exercised in strict conformity with their rights under the constitution; and having done so, and called an election, it is not within the power of the chancery court to stop that election, or to prevent the commissioners from making their returns to the secretary of state. It is admitted in the brief of counsel for appellants, though they charge in their bill that the new county has not the area required by the constitution, that this allegation is unfounded, and we may remark here that there is no attempt in the proof to sustain this allega-

tion. Therefore there is absolutely nothing on the face of the act, from the first section to the last, which shows that it is in any way violative of the constitution of the state.

It is contended by counsel that the holding of this election will entail additional expense on the taxpayers; that the act is unconstitutional, and for that reason may be enjoined by any taxpayer. But the only ground in the bill which appellants contend makes the act unconstitutional is that by the creation of the new county a justice of the peace and some members of the board of supervisors, elected under the constitution for the term of four years, will be taken out of the county in which they now hold office and be included in the new county created by the act, and that because under the constitution they are elected for a term of four years, and this act, if held to be valid and the new county created, will have the effect of placing them in a new county and cutting short their terms of office, and create confusion by conflict of authority with those who may hereafter be selected to serve as officers in the new county, this act, because of this, is unconstitutional. The justice of the peace and members of the board of supervisors so affected are also made parties complainant in the bill. By the constitution of the state the power is given to the legislature to call the election, and this they have done agreeably to the constitution. The legislature, having the right to call this election and being all-powerful as to the making of the laws, except in such cases as are prohibited by the constitution, has made this additional expense necessary by calling the election, and whatever burdens by way of taxation may fall upon the individual taxpayer in these counties is lawfully imposed by the authority having the power to impose it, and therefore no taxpayer has any right to complain of any incidental expense which may accrue to him by reason of the act, when it is passed by express power given by the constitution. Therefore the taxpayer has utterly failed to prove himself within the provision of the law as stated in *Gibbs* v. *Green,* 54 Miss., 592, in that he has failed to show, not only "that the act about to be performed is

unconstitutional," but also failed to show that he will be injured in any way.    This disposes of the contention so far as the taxpayer is concerned.

We next take up the question of the right that the justice of the peace and members of the board of supervisors may have to complain of this act because by the creation of a new county they are taken out of the county for which they were elected and placed in a different county.    Does it abridge any rights which they have under the constitution?    In the first place, that section of the constitution which empowers the legislature to make provision for the creation of new counties is just as much a part of the constitution as the section which provides for the districts of the justices of the peace and boards of supervisors.    This being the case, and the especial power being conferred on the legislature in the same constitution to create new counties, notwithstanding the other provisions as to how long an officer shall hold his office, and as to the number of districts there shall be in a county, the legislature has the right to exercise the power conferred upon it, irrespective of any other rights or powers which may be given to other departments or officers of the government, and until those in the particular department of the government or office become immediately affected by the legislative act, it is of no concern to them; but, when they are affected, then it becomes a question as to which is the more specific and which the more general provision of the constitution, the former controlling.    There is no limitation as to legislative discretion in the creation of new counties, except as to area, as stated in *Portwood* v. *Montgomery County,* 52 Miss., 523, except that before any county can be created it must be submitted to an election.    Neither the members of the board of supervisors, nor the justice of the peace, have any right to complain of the exercise by the legislature of its constitutional power in the creation of a county until they become directly affected by it.    They cannot maintain this bill simply because they fear

some invasion may be made upon their rights as officers.  *Gibbs v. Green, supra.*

We might here rest our decision without saying more; but since the question is one of public importance, and it is charged in the bill that the officers named will be deprived of some constitutional rights which they have to hold office, and this feature of the case is argued to the court, we feel that we should also go further and pass upon this right.  The constitution of the state stands as a whole, and all its provisions are to be construed together as one entirety.  That section of the constitution which provides for the creation of new counties is a particular power granted to the legislature, more far-reaching and greater in its effect upon the body politic than those provisions of the constitution which provide for the districting of the county into beats and districts and providing for the terms of officers, and its exercise by the legislature contains a necessary implication against anything contrary to it.  The legislature cannot legislate out of office any constitutional officer, where the purpose of the act is to accomplish this alone; but where the power is given to the legislature by the constitution to legislate upon any specific subject-matter, and in strict conformity to the power they do legislate, and it has the incidental effect of abolishing certain office holders holding office under the general provisions of the constitution, those officers will be presumed to have been elected and to have accepted their offices in subservience to the power which existed in the legislature, by the exercise of its constitutional power, to dispense with the office holders as the incidental effect of the passage of the act creating the new county.  The general provisions of the constitution must yield when they come in conflict with other provisions of the constitution of a more specific, greater and more general effect.  It cannot be contended that the constitutional convention ever intended to give to the legislature the power to create new counties, and then to have that

right abridged by the fact that, when they undertake to do so, some officer's term will be shortened.

There are many reasons argued by counsel for appellants why this act should be declared unconstitutional—because, they say, it deprives the counties of Lawrence and Covington of a legal board of supervisors; because Jefferson Davis county, as created and attached to the eighth senatorial district, violates sec. 255 of the constitution; because the act violates sec. 87 of the constitution. We see no merit in any of these contentions. Lincoln and Lawrence counties (constituting the senatorial district to which Jefferson Davis county is to be added), in the first place, are not complaining as to their senatorial districts being affected, and there is ample provision in the law to meet every emergency raised by brief of appellants, even if the record properly presented them, which it does not.

It is further contended that the chancellor allowed too large a counsel fee; but, upon examination of the record in reference to the testimony taken upon this subject, we do not feel warranted in interfering with his decision. We specially refer to the authorities cited by counsel on both sides, and, since the law has been so well collated by them, we refer to their citations of authority for the contention of each side.

*Let the cause be affirmed, and the bill dismissed.*