MULLINER *v.* BOULDIN *et al.*

(Division A. Dec. 1, 1930.)

[131 So. 364. No. 28978.]

**E. M. Yerger,** of Clarksdale, for appellant.

**Maynard, FitzGerald & Venable,** of Clarksdale, for appellant.

Roberson & Cook and J. W. Hopkins, all of Clarksdale, for appellees.

Argued orally by **Edward M. Yerger**, for appellant. and by **J. Lake Roberson**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

In 1892 the county of Coahoma was divided into two judicial districts, with courthouses at Friars Point and Clarksdale. By chapter 504, Laws 1930, it was enacted that the three following questions should be submitted, at a special election to the voters of the county:

"Shall the county site of Coahoma County be removed from Friars Point?

"Shall the county site of Coahoma County be located at Clarksdale?

"In the event you desire the county site located elsewhere than Clarksdale insert the name of location below." And there was a blank on the ticket for that insertion.

It was further provided that, "if two-thirds of those voting at said election shall assent to the removal of said county site from Friars Point and vote therefor, then the boundary line which divides the said county into two judicial districts shall be abolished." More than two-thirds of those voting, in fact nearly three-fourths, voted for the removal from Friars Point, and also for the location at Clarksdale, the latter point being towards the center of the county.

The contention of appellant is that the legislative act and the vote aforementioned did not have the effect to merge the county again into one judicial district; that the said act made no provisions for any vote on the direct question whether the two districts should be abolished; and that the act was not so framed as to conform to the provision of that part of section 260, Constitution 1890, reading as follows: "Nor shall the boundary of any judicial district in a county be changed, unless, at an election held for that purpose, two-thirds of those voting assent thereto."

The constitutional inhibition just quoted has sole reference to a relocation of the line between the districts, placing the same elsewhere, while yet preserving the existence thereof somewhere. "The inhibition is only of a change of this [boundary] line by drawing it somewhere else." Lindsley v. Coahoma County, 69 Miss. 815, 825, 11 So. 336, 337. To abolish the line is not to draw it somewhere else, but is to wholly obliterate it, destroy its existence, so that it cannot longer be drawn anywhere; and this is, of course, in legal effect to abolish the two districts and to convert the territory into an undivided county. The latter proposition was exactly what the legislature intended to submit to the voters, and is exactly what every voter knew, or by the exercise of an intelligent consideration should have known, was submitted to him or her at said election; and the affirmative vote being far more than the required proportion of all votes cast, the question must be accepted as settled, so that there are no longer two judicial districts in that county; its territory is again united and its one and only county site is Clarksdale.

Affirmed.