BEARD, et al. *v.* STANLEY, et al.

In Banc. Mar. 14, 1949.

(39 So. (2d) 317)

724

Ben Stevens, **L. B. Jones** and **John E. Stone,** for appellants.

**W. Vol Jones,** for appellee.

728

**Montgomery, J.**

Lee Beard filed his original bill in the Chancery Court of Wayne County, Mississippi, making both the State of Mississippi and Mrs. Fannie Stanley parties defendant thereto, and seeking to confirm tax titles to 240 acres of land in Wayne County, Mississippi. Complainant purchased 80 acres of this land from the State, under a forfeited tax land patent, on March 23rd, 1943, and purchased the remaining 160 acres from the State in a similar manner on May 4, 1943. The lands had been sold to the State on the third Monday of September, 1938, for the taxes due thereon for the fiscal year 1937. The lands were assessed to the defendant, Mrs. Fannie Stanley, for 1937 and the taxes due thereon were not paid.

There was an answer by Mrs. Stanley setting up the alleged invalidity of the assessment. The State, in its answer, set up the provisions of Section 6026, Code of 1930, prohibiting the purchase of more than 160 acres of public lands by any one person in one year. There was a decree in the lower court holding the assessment of

the properties void and, by reason thereof, the sale to the State to be void and from this decree both Lee Beard and the State of Mississippi appeal.

It is contended by appellee that the assessment for the fiscal year 1937 is invalid because the Board of Supervisors, in equalizing the assessment roll at its July 1936 term, continued to sit for that purpose until July 27, 1936, on which day it entered on its minutes, an order approving the roll, ordering the publishing and posting of a notice thereof to the taxpayers and giving notice that the board would hear objections to the assessments on August 6th, 1936. It is not necessary to here set out all of the terms of said order or of the notice, but only such parts, as above stated, as are material on the decision of the question here involved. The board convened its August, 1936, term on the first Monday of August, 1936, which was August 3rd, transacted other business and recessed until the fourth. It sat on the fourth and then recessed until Thursday, August 6th. On the 6th it entered an order adjudging the board would proceed to hear and determine objections and exceptions to the assessment roll. On the sixth it recessed to August 10th, and on that date entered an order finally approving the roll and ordering the final recapitulation of said assessment roll to be certified to the State Tax Commission. There is neither any dispute as to the foregoing facts nor is there any question raised here as to the sufficiency in form of any of said orders of proceedings.

Appellee contends the assessment is void because Section 3162, Code 1930, which was in effect at the time of this assessment, provides that the board "shall complete such equalization at least ten days before the August meeting" and this statute was violated when the board sat until July 27th, which was only seven days before the first Monday of August, which fell on August 3rd, instead of the requisite ten days.

Appellee contends further that the assessment is void for the reason that Section 3165 of the 1930 Code pro-

vides that the board of supervisors shall hold a meeting "on the first Monday of August, to hear objections to the assessment" and this section was violated when the board did not meet for hearing such objections until Thursday, August 6th.

Since the question is one of construction of the pertinent statutes, we here set out such portions of them as are pertinent on the questions presented:

Section 202, Code 1930, "Regular meetings—how long may last.—At the meetings for the transaction of business under the revenue law, the board of supervisors may continue in session as long as business may require, but at other regular meetings they may sit for a period of not longer than six days; provided, that in counties having a population of more than forty thousand, the board may continue in session at any other regular meetings than the revenue meeting of not longer than ten days."

Section 3162, Code 1930. "Supervisors to equalize rolls—notice to taxpayers.—The board of supervisors shall immediately at the July meeting proceed to equalize such rolls and shall complete such equalization at least ten days before the August meeting. . . . ."

Section 3165, Code 1930. "Objections to roll—supervisors to hear—when and how.—The board of supervisors of each county shall hold a meeting at the courthouse, or at the chancery clerk's office in counties where the chancery clerk's office is in a building separate from the courthouse, on the first Monday of August, to hear objections to the assessment."

Section 3167, Code 1930. "Meeting not held—objections to assessments—notice given of proper time.—If from any cause the meeting of the board of supervisors at which objections to assessments should be heard, be not held, then all such objections shall be continued and may be heard at the next meeting of the board, either regular, adjourned, or special; and if the board fails to give the proper notice to the taxpayers of the meeting at which objections are to be heard the board shall im-

mediately proceed to give such notice and shall fix the time when it will hear and determine all objections to the assessments therein contained, and the board shall proceed and deal with the roll, or rolls, with all the powers and duties as are now provided by law, except as to the time. If the board fails to hold any meeting, or give any notice, or to perform any other duty in reference to the assessment roll, or rolls, at the time required by law, such duty shall be performed at a later date upon the giving of proper notice to persons affected."

■ ■ The court in construing a statute must seek the intention of the Legislature, and, knowing it, must adopt that interpretation which will meet the real meaning of the Legislature. Rawlings v. Ladner, 174 Miss. 611 ,165 So. 427; Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A., N. S., 541, Ann. Cas. 1914B, 392.

■ ■ Section 202, Code of 1930, dealing with meetings of a board of supervisors for the transaction of business under the Revenue Law and Sections 3162, 3165, and 3167 of the Code of 1930, dealing with the assessments of property for purposes of taxation and revenue are in pari materia and must be construed together and, if possible, read into each other, so as to make a consistent whole. Clarksdale Bldg. & Loan Ass'n v. Board of Levee Commissioners for Yazoo-Mississippi Delta, 168 Miss. 326, 150 So. 783; Greaves v. Hinds County, 166 Miss. 89, 145 So. 900; State v. United States Fidelity & Guaranty Co., 157 Miss. 740, 128 So. 503; Life & Casualty Ins. Co. v. Walters, 180 Miss. 384, 177 So. 47; Board of Supervisors of Attala County v. Illinois Central Railroad Company, 186 Miss. 294, 190 So. 241; Hendrix v. Foote, Miss., 38 So. (2d) 111, not yet reported in State Reports.

■ ■ It has long been a rule in this State, for the construction of statutes, that what is within the intention is within the meaning of a statute, although not within its letter. Gunter v. City of Jackson, 130 Miss. 637, 94 So. 844; Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A., N. S., 541, Ann. Cas. 1914B, 392;

Learned v. Corley, 43 Miss. 687; Bonds v. Greer, 56 Miss. 710; Adams v. Yazoo & M. V. R. Co., 75 Miss. 275, 22 So. 824; Hendrix v. Foote, supra. ██ ██ Furthermore, the court, in construing a statute, will not impute an unjust or unwise purpose to the Legislature when any other reasonable construction can save it from such imputation. Dunn v. Clinghan, 93 Miss. 310, 47 So. 503; Gunter v. City of Jackson, supra; Hendrix v. Foote, supra.

With these long established rules of construction kept steadily in mind, let us look to these statutes, and, from them ascertain the real purpose and intention of the Legislature, in adopting the statutes, and then give effect to such intention even though the letter of the statute be thereby violated.

██ ██ It is the clear language of Section 202, Code 1930, that, at meetings for the transaction of business under the revenue laws, the board of supervisors may continue in session as long as business may require. So far as this record shows, the revenue business required this board to sit up to and including the 27th day of July, when it entered the order equalizing the roll. Under this statute it could have lawfully been in session up to its August meeting. Now if we should construe the provisions of Section 3162, Code of 1930, to the effect that the board, at its July meeting, shall complete such equalization "at least ten days before the August meeting" to mean that the board shall complete the equalization at least ten days before the first Monday of August, then we deprive the board of supervisors of the clear right given them by Section 202 to equalize right up to the August meeting, if the business may require. It is indispensable to the maintenance of the government of the state and its governmental subdivisions that they receive into their respective treasuries the revenue with which to bear their respective governmental expenses. This revenue comes from taxation. Taxes can be levied and collected only on valid assessments and Section 112 of the Constitution requires that taxation, including the

assessment for taxation, be equal and uniform throughout the state. This equalization is a necessary constitutional requirement and the welfare of the state and its subdivisions require that it not only be performed but that the board of supervisors have sufficient time to perform it and may, as provided by Section 202, ''continue in session as long as business may require''. The provisions of Section 3162, Code of 1930, to the effect that the board ''shall complete such equalization at least ten days before the August meeting'' merely mean that the board shall complete such equalization at least ten days before it sits for the hearing of objections to the assessments at its August meeting.

But it may be said, what about the provisions of Section 3165, Code of 1930, to the effect that the board shall hold a meeting ''on the first Monday of August, to hear objections to the assessment''? This, it is true, is fixed by the statute as the time of the meeting to hear objections to the assessment, but the legislative intent is clearly disclosed by the latter portion of Section 3167, Code of 1930, wherein it is provided that ''If the board fails to hold any meeting . . . or to perform any other duty in reference to the assessment roll . . . at the time required by law, such duty shall be performed at a later date upon the giving of proper notice to persons affected.'' This was complied with by the board of supervisors. It was necessary for the board to continue in session in equalizing the assessments until July 27th because the business required it and they had the right to so sit. They completed the equalization on the 27th and gave notice to the taxpayers of this fact and the further fact that objections to the assessments would be heard by the board on August 6th and such objections as were filed were then heard. It is true the hearing was not on the first Monday of August, which was the third, and the duty to then hear was fixed by Section 3165 but when they failed to hear objections on August 3rd they

were authorized to hear the objections on a later date, August 6th, upon the giving of proper notice, and there is no dispute that proper notice was given by the board at its July meeting of the hearing of objections on August 6th.

The fundamental and real intention of the Legislature was to require the completion of the equalization of assessments at least ten days before the sitting of the board of supervisors to hear objections to the assessments. The purpose of this was to give the taxpayer a period of ten days in which he could examine the roll, see what assessments had been levied upon his properties and the party of others, determine whether his assessment was fair, equal and uniform, and make up his mind whether he desired to file any objection thereto. It was the further intention of the legislature, that subject to these rights of the taxpayers, the board should have full opportunity and full power to validly, equally and uniformly assess all property so as to constitute a valid assessment, to the end that revenue by taxation, vital to the support of the state and its governmental subdivisions, might be forthcoming to meet the necessary expenses of government. The construction of the pertinent statutes we have hereinabove set out gives full effect to this manifest intention of the Legislature and the assessment of the property involved in this suit, for the fiscal year 1937, was a valid and legal assessment and the taxes levied thereon for the year 1937 not having been paid the land was lawfully sold to the State and the State became the owner thereof after the expiration of the period of redemption.

We express no opinion on the question raised by the State of Mississippi in its answer, setting up the purchase by Lee Beard of more than 160 acres of public land in one year in alleged violation of Section 6026, Code of 1930. This question was not passed upon by the trial court and hence is not involved on this appeal.

The decree of the lower court will be reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.