RODGERS, Justice:
The appellants here were the complainants in the original action filed in the Chancery Court of Harrison County, Mississippi, to enjoin the defendants from holding an election to determine whether or not a separate judicial district should be created of Beat One of Harrison County, Mississippi. The election and acts of appellees in establishing a separate judicial district were in .pursuance to the provisions of Mississippi Code Annotated sections 2910-03 to 2910-24 (Supp.1964); Mississippi Laws, Chapter 257 (1962). The appellants, taxpayers, not only sought to enjoin the holding of the election provided for in the foregoing legislative enactment, but also sought to prevent appellees from carrying into effect the law creating the separate judicial district in Harrison County.
The appellees filed a demurrer to the original bill and it was overruled; however, the chancellor denied appellants’ application for a temporary injunction to prevent the holding of an election. The appellants submitted an application for a temporary injunction to the Chief Justice of the Supreme Court of Mississippi, and again they were denied a temporary injunction. The election was held to determine the issue in Beat One of Harrison County on Tuesday, December 8, 1964, and it carried in favor of the law creating a new judicial district. There were 3,977 votes cast in the election, of which 3,164 favored the proposition and 813 opposed it. Thus, more than a three-fifths majority of the qualified electors participating in the election assented to and approved the legislative act establishing a separate judicial, district in Supervisors’ District Number One of Harrison County, Mississippi. After the election, the Election Commissioners made their report to the Board of Supervisors of Harrison County, in which they reported that the election had carried in favor of the law creating the separate judicial district. The report was duly spread upon the minutes of the Board of Supervisors in compliance with the law establishing the new judicial district, and the Board of Supervisors of Harrison County Mississippi, ordered that it “do now proceed with the implementation and doing of all things necessary, requisite and proper to the establishing and setting up of said judicial district as provided for in said Act, and including the borrowing of money and the issuance of bonds. * * * ” Thereafter, on February 2, 1965, the trial in the chancery court upon the original bill, answer and amendments thereto, was heard by the chancellor, on oral and documentary evidence. The chancery court entered a decree denying the relief sought by the complainants and dismissing the original bill. From this decree, this cause has been appealed to this Court.
Appellants contend that the chancery court erred in holding that the separate judicial district was properly formed, and also contend that the relief sought by appellants should have been granted for the following reasons.
I
Appellants contend that Mississippi Laws chapter 257 (1962) is unconstitutional, in that it violates Mississippi Constitution 1890 Article 3, section 14, and the fourteenth amendment to the Constitution of the United States. It is said that the Act permits the creation of a separate judicial district in Harrison County, Mississippi, “if the election is favorable”; that the Act does, not create the new district within itself* that the electors of the county, other than those in supervisors’ district number one,, were not permitted to vote on the proposed district, and although the first district was. required to bear the expense of building a new courthouse and other county facilities incident to carrying into effect the new judicial district, nevertheless, the people in the other three districts will be called upon to pay taxes for the future maintenance of the facilities, and thus appellants will be taxed without representation. On the other hand, it is argued, if the act is construed to re *633 quire the future maintenance of the separate judicial district to be paid only by the taxpayers in district number one, the Act is unconstitutional because it exempts other taxpayers of the county from bearing their fair share of the cost of the county business. It is said that either way the act is construed, as to who bears the future cost of operation and maintenance, it is unconstitutional. Appellants insist that the Act denies equal protection of law, and cite several cases wherein the United States Supreme Court has held that the constitutional provision requiring equal protection means that no state agency, including the Legislature, can deny anyone equal protection of the law. We are of the opinion, however, that these cases are not applicable to the facts in the instant case. Moreover, the objection raised here, that the taxpayers and electors of the other three Supervisors’ Districts of Harrison County were entitled to vote upon the issue as to whether or not a new judicial district should be formed of Supervisors’ Beat One, has been determined by this Court in a similar situation, adverse to their contention.
In the case of Hatten v. Bond, 112 Miss. 590, 73 So. 612 (1917), in which it was contended that Mississippi Constitution 1890, section 260, prevented the formation of a county out of another county unless all electors in the county were permitted to vote on the issue, this Court said:
“In this case, Stone County was carved wholly out of Harrison County, and the question of the creation of the county could properly be determined only by a majority of the qualified electors voting in that part of the county proposed to be dismembered and embraced in the new county. Certainly it does not mean, as contended by counsel for appellants, that this question of creating the new county should have been voted on by the qualified electors in the territory of the proposed new county and also by the qualified electors in the territory of the old, or remaining, county of Harrison. Such a construction would be erroneous and violent, indeed. Conner v. Gray, 88 Miss. 489, 41 So. 186, 9 Ann.Cas. 120.” 112 Miss. at 602-603, 73 So. at 613.
The contention that since the appellants, taxpayers, will be required to pay taxes to support the new judicial district, and will thus be taxed without being permitted to vote on this issue, and, in effect, will be taxed without representation has been heretofore determined. This Court held in Turner v. Cochran, 89 Miss. 206, 42 So. 876 (1907) that Mississippi Laws chapter 168 (p. 197) (1906), wherein Jasper County was divided into two judicial districts, and the expense of building the courthouse and allied facilities was imposed upon the new district, was not unconstitutional. The Court said:
“By section 21 of the act, the Legislature saw fit to saddle the expenditures for these objects on the new district, for whose convenience it was organized, and to empower the board of supervisors to borrow money on the bonds of that district.
“The very able argument of counsel for appellants fails to convince me that these provisions are ‘ultra vires.’ Section 112 of the Constitution is, as I think, not violated, because, as uniformly held, it is not prohibitive of local assessments for local convenience, and as to the locality the assessment is equal and uniform, and, as we all agree, the act in fact makes a new county for court purposes.” 89 Miss. at 213, 42 So. at 877.
The argument that the legislative act here involved is unconstitutional because the qualified electors of the entire area of Harrison County were not permitted to vote on the issue, and the Act, in effect, permits taxation without representation, overlooks two important factors; First, the Legislature could have established a new judicial district without having submitted to the electors the contingency as to whether *634 or not the Act should become operative. Second, the taxpayers were in fact represented in the Legislature at the time the Act was enacted.
We hold, therefore, that the Act does not violate Mississippi Constitution 1890 section 14 or. the fourteenth amendment to the Constitution of the United States.
II
Appellants next contend that the Act, here involved, is an unconstitutional delegation of legislative power given by the Legislature to the Board of Supervisors of Harrison County; that the Act was not a complete, workable law, as it was finally enacted by the Legislature. Various sections of the Act, Mississippi Laws chapter 257 (1962) are challenged by appellants as being unconstitutional. For example: It is said that Mississippi Laws chapter 257 (1962), Mississippi Code Annotated section 2910-19 (Supp.1964), required the board of supervisors to provide a land abstract for use in the chancery clerk’s office of the separate judicial district, but that the time designated in the Act to provide the abstract had passed. It is pointed out that the Act requires that “said abstract shall be provided for within six (6) months from the time this act goes into effect”; and that the Act also provides, that it shall take effect from and after its passage, and since the Act was passed on June 1, 1962, the board of supervisors does not now have the authority to provide the land abstract.
Again, it is said that section 3 of the Act (Miss.Code § 2910-03) provides that the board of supervisors shall hold an election on the creation of a separate judicial district on being presented with a petition of fifteen per cent of the qualified voters of “a supervisors' district in such county”, (emphasis supplied), and that therefore an election could be held in any of the Supervisors’ Districts of Harrison County to establish a separate judicial district provided the courthouse is located in Biloxi.
Appellants also point out that section 15 of the Act (Miss.Code § 2910-15) confers upon the litigants and attorneys in ex parte cases in the new district the right to transfer these cases to the new district from the original district, but it is said that the reverse is not provided by the Act. The fallacy of this argument is apparent. It is assumed that there could be ex parte cases on file in the new district from the original district, which could be transferred to the original district.
Finally, it is claimed that the Act is a delegation of legislative power for the further reason that it is not complete, since, it is claimed, the boundaries of the new judicial district are not precisely defined in the Act. Appellants point out that section 3 of the Act (Miss.Code § 2910-03) requires the board of supervisors to create such a district “in such supervisors’ district.” Appellants then argue that since the Act did not say “consisting of supervisors’ district” number one, the board of supervisors could fix the boundaries of the new judicial district “as being bounded only by the city of Biloxi.”
We have carefully considered the objections to the various sections pointed out by the appellants, and find that some of them are identical with certain sections of Mississippi Laws chapter 169 (1906), wherein two judicial districts were created in Jones County, Mississippi. The Jones County Act has been approved by this Court and will be discussed later.
It may be said as a general rule of Constitutional Law that “Where an act is clothed with all the forms of law and is. complete in and of itself, it is within the scope of the legislative power to prescribe that it shall become operative only on the happening of some specified contingency.”' *635 16 C.J.S. Constitutional Law § 141, at p. 676 (1956).
Although it is true that the Legislature cannot merely propose a law and leave it to the people to reject or adopt, nevertheless where there is affirmative legislation, its enforcement in given localities may depend upon the will of the voters therein. 16 C.J.S. Constitutional Law § 142 (1956).
We have been careful to follow the general law over the long history of decisions -of this Court on this question, and we have often held that a statute is not a delegation of authority simply because a portion of it is made to depend upon the vote of the public. State ex rel. Atty. Gen. v. County School Bd. of Quitman County, 181 Miss. 818, 181 So. 313 (1938); Stewart v. State, 179 Miss. 31, 174 So. 579 (1937); Board of Election Com’rs of Rankin County v. Davis, 102 Miss. 497, 59 So. 811 (1912); Conner v. Gray, 88 Miss. 489, 41 So. 186 (1906); Ormand v. White, 85 Miss. 276, 37 So. 834 (1905); Schulherr v. Bordeaux, 64 Miss. 59, 8 So. 201 (1886); Lemon v. Peyton, 64 Miss. 161, 8 So. 235 (1886); Barnes v. Board of Sup’rs of Pike County, 51 Miss. 305 (1875); Alcorn v. Hamer, 38 Miss. 652 (1859). In one case we held that a statute authorizing counties to prohibit the sale of beer and wine by local election was not unconstitutional nor an unlawful delegation of legislative power. See Martin v. Bd. of Supervisors of Winston County, 181 Miss. 363, 178 So. 315 (1938).
In the case of Cox v. Wallace, 100 Miss. 525, 56 So. 461 (1911), we held that Mississippi Code sections 371-391 (1906) providing for the creation of a drainage district was not in violation of Mississippi Constitution 1890 section 33 on the ground that the Act was an invalid delegation of legislative power.
 We are therefore convinced that the instant Act is not an unlawful delegation of legislative power, and we do not agree with the contention of appellants that the various sections of the Act áre so vague and uncertain as to render it incomplete and unworkable. If the meaning of a legislative act is clear and unmistakable — although its language is capable of more than one meaning — nevertheless, this Court will ascertain the purpose and spirit of the statute and will declare its true intentions. Robertson v. Texas Oil Co., 141 Miss. 356, 106 So. 449 (1926); Huber v. Freret, 138 Miss. 238, 103 So. 3 (1925). In the case of Beard v. Stanley, 205 Miss. 723, 39 So.2d 317 (1949), this Court said: “The court in construing a statute must seek the intention of the Legislature, and, knowing it, must adopt that interpretation which will meet the real meaning of the Legislature.” 205 Miss. at 732, 39 So.2d at 319.
III
It is argued by appellants that Mississippi Laws chapter 257 (1962) is unconstitutional, because it attempts to remove, in whole or in part, a county seat in violation of Mississippi Constitution 1890 section 259, inasmuch as this section requires a favorable vote of two-thirds of the electors of the county. We do not believe, however, that this section is applicable to the facts in issue in the instant case, because the county seat of Harrison County is not being moved from Gulfport. Moreover, we have held that the Legislature may divide a county into two judicial districts. Hinton v. Bd. of Supervisors of Perry County, 84 Miss. 536, 36 So. 565 (1904); Lindsley v. Bd. of Supervisors of Coahoma County, 69 Miss. 815, 11 So. 336 (1892).
IV
We believe it is not necessary to discuss the issue raised by appellants that the Legislature is prohibited from relocating the boundaries of a judicial district within a county, as set out in Mississippi Constitution 1890 section 260; because there is no *636 attempt on the part of the Legislature in the instant case to relocate the boundary line of any judicial district within the county. Mulliner v. Bouldin, 159 Miss. 212, 131 So. 364 (1930).
V
We are of the opinion that the argument of appellants that Mississippi Laws chapter 257 (1962) is a violation of Mississippi Constitution 1890 section 90, based upon the theory that the Act is a local and private, or special, act and not a general law of the Mississippi Legislature is not well-taken. The chancellor, in his opinion on this issue, cited the case of Lindsley v. Board of Supervisors of Coahoma County, 69 Miss. 815, 11 So. 336 (1892), wherein this Court held that similar legislation was valid and constitutional even when the statute was enacted for a specifically named county. Appellants urge that the instant case should be distinguished from the Lindsley case, supra. The gist of appellants’ argument is that “Harrison County”, “Gulfport”, and “Biloxi” are specifically mentioned, and that the Act sets out the county and designates the supervisors’ beat and the cities involved, therefore, it is contended, that it is a local and private act.
We do not agree with the argument of appellants that Lindsley, supra, is not applicable to the case now before the Court, because, although the Court reluctantly approved Alfred v. The State of Mississippi, 37 Miss. 296 (1859), it nevertheless expressly held in Lindsley, supra, that Mississippi Constitution 1890 section 260 recognized that separate judicial districts could be formed in the counties, and Mississippi Laws chapter 93 (p. 362) (1892) divided Coahoma County into two circuit and chancery court districts and the Act was constitutional. The holding in Lindsley was reaffirmed in Hinton v. Board of Sup’rs of Perry County, 84 Miss. 536, 36 So. 565 (1904).
Where questions with reference to sections of the Mississippi Constitution have been well-settled by former decisions of this Court for a long period of time, this Court will not uproot these authorities in order to hold a legislative act unconstitutional. Gabriel v. Brame, 200 Miss. 767, 28 So.2d 581 (1947).
Appellants have pointed out many instances in which they insist that the Act of the Legislature here under consideration is unconstitutional and void because, it is said, the Act repeatedly violates Mississippi Constitution 1890 section 90. We are of the opinion, however, after a careful examination of these alleged violations of the Constitution, that Mississippi Laws chapter 257 (1962) is a general law, and is not a local and private, or special, law as contended by the appellants, and therefore Mississippi Constitution 1890 section 90 is not applicable to the Act in the instant case.
After an examination of Mississippi Laws chapter 257 (1962), and after having carefully considered each assignment of error, we have reached the conclusion that the Act is constitutional and that the objections made by the appellants are not valid. It is apparent that the Act here under consideration is patterned after the Jones County Act (Miss.Laws ch. 169, 1906). Many of the sections in the Act here under consideration have been held to be valid in the Jones County Act. See Bush v. Ross, 90 Miss. 32, 43 So. 70 (1907); Ross v. Quick, 89 Miss. 29, 42 So. 281 (1906). See also Turner v. Cochran, 89 Miss. 206, 42 So. 876 (1907).
Moreover, a statute will not be declared unconstitutional unless it clearly violates some constitutional provision. State ex rel. Atty. Gen. v. County School Board of Quitman County, 181 Miss. 818, 181 So. 313 (1938).
VI
Appellants offered evidence to show that the President of the Board of Supervisors of Harrison County, Mississippi, did not sign the minutes of the board at the time *637 the election was called, nor were the minutes signed at the time the proceedings for the election were commenced and notice given. However, the minutes were in fact duly signed before the next regular meeting of the board, as required by Mississippi Code Annotated section 2886 (1956), as amended by Mississippi Laws chapter 189 (1960). This section, as amended, is in the following language:
“It shall be the duty of the clerk of the board of supervisors to keep and preserve a complete and correct record of all the proceedings and orders of the board. He shall enter on the minutes the names of the members who attend at each meeting, and the names of those who fail to attend. He shall safely keep and preserve all records, books, and papers pertaining to his office, and deliver them to his successor when required. The minutes of each day shall be read and signed by the president on or before the first Monday of the month following the day of adjournment of any term of the board of supervisors.”^
Without discussing the admissibility of the evidence originally offered, we are of the opinion that the minutes of the Board of Supervisors of Harrison County were in accord with the statutory requirements of Mississippi Code Annotated section 2886 (Supp.1964), and that the election called and held, under the facts here shown, was a valid election.
We are of the opinion that there is no error in the record of this case on appeal, and that the chancellor reached the correct solution of the issues here involved. The decree of the Chancery Court of Harrison County dismissing the original bill of complaint is therefore affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, INZER and ROBERTSON, JJ., concur.