### JAMES MURRAY v. CHARLES LEHMAN, CLERK.

CONSTITUTION. *Docket fee. Taxation.*

> The "Act to make the County of Warren, in this State, a separate circuit and chancery court district, and to provide for defraying the expenses of courts therein," approved April 11, 1876, in so far as it prescribes the payment of a docket fee, violates. Article XII, § 20, of the Constitution, by imposing a tax not "equal and uniform."

APPEAL from Circuit Court of Warren County.

HON. WARREN COWAN, Judge.

Mandamus by appellant to compel the clerk of the circuit court to file his declaration in a suit at law without prepayment of the "docket fee" required by "an act to make the County of Warren, in this State, a separate circuit and chancery court district, and to provide for defraying the expenses of courts therein," approved April 11, 1876, on the ground that that act violated Article XII, § 20, of the Constitution of Mississippi. The circuit court refused the mandamus and the relator appealed.

*L. W. Magruder*, for appellant.

1. The act violates Article XII, § 20, of the Constitution of Mississippi, because : 1st. It imposes an unequal burden of taxation upon the people of Warren County. 2d. It taxes only part of a class, *viz.*, a part of the litigants of the State.

2. That the docket fee is a State tax. Cooley Const. Lin., § 496. As such it must be apportioned throughout the State. Ib., § 495.

It is not "equal or uniform." *Morford* v. *Unger,* 8 Iowa 92; *Ryerly* v. *Utly,* 16 Mich. 269 ; *Weeks* v. *Milwaukee,* 10 Wis. 258 ; *Sanford* v. *Rice,* 9 Minn. 273; *Oliver* v. *Washington Mills,* 11 Allen 268.    The tax is not a local assessment for the benefit of a particular locality, but the exercise of the general taxing power for the general purpose of the judiciary. *Swope* v. *Dailey,* 47 Miss. 367 ; *Vasser* v. *George,* Ib. 721. *Merrick* v. *Amherst,* 12 Allen 504.

3. It taxes only part of the litigants in this State.   In this it violates the second, twenty-eighth, and thirtieth sections of the Bill of Rights and the Fourteenth Amendment to the Constitution of the United States.    *Chicago R. R. Co.* v. *Moss,* 60 Miss. 646 ; *South and North Ala. R. R. Co.* v. *Morris,* 65 Ala. 193; *Turke* v. *Janesville,* 28 Wis. 464; *San Mateo* v. *S. R. R. Co.,* Fed. Rep., Nov., 1882.

No brief found on file for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

This case presents the question of the validity or invalidity of that part of "An Act to make the County of Warren, in this State, a separate circuit and chancery court district, and to provide for defraying the expenses of the courts therein," approved April 11, 1876, which requires the payment of a docket fee " upon each suit, petition, appeal, administration, guardianship, or other matter or proceeding of a civil nature brought or opened in said courts or either of them."   The act prescribes the amount of the fee in each case, varying according to amount involved, and to be not less than five nor more than twenty-five dollars, and where there is a party defendant liable for costs the docket fee is to fall on him as part of the costs.   Payment of the prescribed docket fee is a condition of commencing a proceeding in said courts.   The docket fees are by the act devoted to the payment of the salaries of the judge and chancellor for that district.   The constitution provides for the appointment of judges of the circuit court, and chancellors, and for districts, and for a circuit court and a chancery court to be held in each county at least twice in each year, and the jurisdiction of these courts is prescribed by the constitution.   Each county is entitled by

the constitution to have a circuit court and a chancery court held in it twice in each year. The jurisdiction of these courts, as to subject-matter, is the same in every county, for it is prescribed by the constitution for the courts and not the locality. There is nothing peculiar or exceptional as to the circuit and chancery courts held in Warren County, except as to their terms, and that is a matter for legislative regulation, as to which it must be assumed that each county has apportioned to it such terms of the courts, held twice a year or more, as its situation requires. The circuit judge and chancellor for the district composed of Warren County has the like official powers and duties as other circuit judges and chancellors possess, neither more nor less. The constitution is silent as to how the compensation to be fixed by law and received by judges and chancellors for their services shall be procured. Perhaps the legislature might provide for the compensation of judges by docket fees and other exactions upon litigation in the courts, but the general scheme adopted is different, and judges and chancellors are compensated for their services by stated salaries, paid from the State treasury by money obtained by taxation. Docket fees are not imposed on proceedings in the circuit and chancery courts held in the other counties of the State. The exaction is peculiar to a given locality. Every proceeding in that locality is subjected to the imposition. To the extent of the required docket fees every litigant in the courts of Warren County, and every one interested in an estate administered or a guardianship, has to contribute to support courts of the State held in that county, what is not required of persons similarly situated in other counties. Because of the place where the courts are held and judicial proceedings had, exactions are made for the maintenance of the courts there.

The constitution declares that "Taxation shall be equal and uniform throughout the State." From this fundamental rule it is fairly deducible that "a tax cannot be imposed exclusively on any subdivision of the State to pay an indebtedness or claim which is not peculiarly the debt of such subdivision, or to raise money for any purpose not peculiarly for the benefit of such subdivision." *Sanborn* v. *Commissioners*, 9 Minnesota 273.

The docket fee required by the act under consideration is a tax, and while imposed in only a given county is devoted to a State purpose, *viz.:* The payment of the salaries of the judge and chancellor of that district. It is true that this tax is not on property, but on court proceedings, yet the fact remains that it is an invidious local discrimination confined to particular courts, and not applicable to the counties and courts of the State generally. It violates the rule of equality and uniformity prescribed for the whole State by the constitution, by imposing on those having the expense of proceedings in the courts in Warren County an additional burden to compensate the judge and chancellor, when persons similarly situated elsewhere are not thus taxed. It prescribes a different rule for different localities, without a difference in the situation and circumstances of the localities, and, because of the difference of place, requires what is not required for exactly the same thing in other localities. It is for the legislature to select the subjects of taxation, but to impose on suitors and all interested in proceedings in courts in one county the expense of maintaining courts not peculiar to it, and the expense of which elsewhere is a charge on the State treasury, is to depart from the constitutional rule of equality and uniformity in taxation throughout the State. This rule requires that persons in the same class and property and rights of the same kind shall generally be subjected alike to the same common burden. There must not be local exactions, except for peculiar local advantage. There cannot be a higher tax on property in Warren County for State purposes than in other counties, nor can those bearing the expense of proceedings in the courts in that county be compelled to contribute to pay for what is a State purpose what is not exacted from persons similarly situated elsewhere. It is an unfair discrimination between subdivisions of the State, which are entitled to equal rights and upon equal terms as to all the tribunals created by the constitution for all the counties. If the purpose for which the exaction is made was peculiarly local it might be justifiable, but this is not its character. The scheme is to impose on persons having proceedings in the courts in Warren County the burden of making compensation for the services of the

circuit judge and chancellor of the State, who is charged with the duty of holding the courts in that county. It is a discriminating imposition in a particular county for a general purpose common to the State. Those on whom the docket fees fall are made to contribute to a State object in a mode not required of any except those concerned in proceedings in a particular county. It is of the essence of all taxation that it should compel the discharge of the burden by those on whom it properly rests. The expense of maintaining judges and chancellors, according to the plan adopted, rests on the State and not on suitors. There is no exemption of persons or property in Warren County from taxation for raising money for the State treasury, out of which the salaries of judges and chancellors in other districts are paid, but persons and property in that county are taxed as in other counties for all State purposes. So that while persons and property in Warren County contribute their full proportion to the revenue of the State, the proceedings in the circuit and chancery courts held in that county are placed under contribution for the support of the State courts held there. The appellant is a citizen of Warren County, possessed of taxable property there, and is therefore a contributor, by taxation for State purposes, to the treasury, out of which are paid, for their services, circuit judges and chancellors for other districts, and yet he is denied access to the circuit court in the county of his residence, except upon terms not applicable in other counties to maintain courts in which he is a contributor. He is taxed to maintain courts throughout the State, and taxed on his suit to maintain them in Warren County, and may be taxed on property or business to pay the salaries of the judge and chancellor in that county, for if the docket fees and license fees are not sufficient, the required amount is to be raised by county taxation.

*Judgment reversed and cause remanded.*