W.B. (Bill) Harris filed suit in the Chancery Court of Harrison County seeking to enjoin the Harrison County Board of Supervisors from levying and collecting a two-mill ad valorem tax for garbage collection and disposal in certain unincorporated areas of said county. From a decree dismissing the bill of complaint, Harris appeals here.
On May 22, 1964, the Mississippi Legislature passed the following local and private legislation:
 "Chapter 697
 SENATE BILL NO. 1999
 AN ACT to authorize the board of supervisors of Harrison County, Mississippi, to collect, gather, transport and dispose of garbage and rubbish in the unincorporated areas of Harrison County and to levy a tax for the expenses thereof, and for related purposes.
 BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:
 Section 1. The Board of Supervisors of Harrison County, Mississippi, is hereby authorized, in its discretion, to purchase equipment and employ necessary personnel to collect, gather, transport and dispose of garbage and rubbish in the unincorporated areas of Harrison County.
 Section 2. Said board is further authorized to levy not in excess of two (2) mills ad valorem tax on all taxable property in the county, or district, wherein said garbage and rubbish is gathered, collected, transported, and disposed of.
 Section 3. That any laws, or parts of laws, in conflict herewith be and the same are hereby repealed.
 Section 4. That this act shall take effect and be in force from and after its passage.
 Approved May 22, 1964."
Pursuant to that act, the Board of Supervisors adopted an order at its September, 1964 meeting creating three (3) garbage disposal districts in said county, and setting out that there was a need for same in certain unincorporated areas where garbage and rubbish accumulated after having been hauled and dumped in open places, on public rights-of-way, and in road drainage ditches; that such areas became unsightly, creating a stench and breeding place for flies, insects and disease germs; and that such conditions were a menace to the health of the local communities and the entire county. The order further set forth that, by subsequent order, an ad valorem tax levy would be made in each of said districts for the purpose of raising necessary funds to carry out the provisions of such order. Subsequently, and for the period up to institution of this suit, a two-mill ad valorem tax levy was imposed upon all the property of said garbage disposal districts for the purpose of funding same. *Page 653 
Appellant resides in the City of Gulfport and owns no property in the unincorporated area of said county, which comprises part of the garbage disposal districts. In his complaint, he charged that the said Senate Bill 1999, Chapter 697, Local and Private Laws of the 1964 Regular Session, Mississippi Legislature, was void as being in violation of Section 112, Mississippi Constitution 1890, which states, among other things: "Taxation shall be uniform and equal throughout the state. . . . Property shall be assessed for taxes under general laws, and by uniform rules. . . ."
He further charged that said act is not a general tax law as required by said Section 112, that it is limited to Harrison County unincorporated areas and is not uniform and equal throughout the state, since garbage and rubbish are in the same classification purpose throughout the state; and that Mississippi Code Annotated Sections 19-5-17 and 19-5-21, et seq. (1972) are general laws having application over all the state and supersede Senate Bill 1999. Appellant also charged that the said Act denies to citizens residing in the garbage disposal districts equal protection of the law and due process of law guaranteed to them by the Fourteenth Amendment to the United States Constitution in that (as set forth in Sec. 112, Miss.Const. 1890) taxation shall be uniform and equal throughout the state; that property shall be assessed for taxes under general laws and by uniform rates; and that no such ad valorem tax could be levied against a citizen's property until notice of the intent of the County Board of Supervisors to levy such a tax was first published three (3) weeks in a newspaper of general circulation in the county.
The parties stipulated to the passage of the Act, the purpose for which the garbage disposal districts were created, and the two-mill levy for funding said districts. There was nothing in the stipulation to cover notice of the levy.
 I.
Did the lower court err in ruling that Article IV, Section 112, Miss.Const. 1890, did not apply to the Harrison County garbage disposal ad valorem tax and in failing to find that Senate Bill 1999, Chapter 697, Miss. Local and Private Laws, 1964 Regular Session, Miss. Legislature, was void as violative of the provision of said section of the Constitution requiring taxation to be uniform and equal throughout the state and taxes assessed under general law by uniform rules?
The chancellor held:
 "In the case at bar the attack appears to be on the rate levied by the county, rather than on the assessment, for all property in the county similarly situated is assessed in the same mode, although this is not to say that all assessments are equal. But this question is not before the court, nor are there any facts or proof or stipulation upon which the court could base any decision as to whether they are or are not uniform in assessment for, as stated, the attack here in the instant case is on the additional two mills levied in support of the garbage disposal districts, rather than the question of assessment of the valuation of the property, or any property.
 * * * * * *
 On the question of valid rates of taxation in support of special authorized undertakings by counties or other governmental subdivisions, the rate of taxation is not equal and uniform with other counties or governmental subdivisions which do not have or undertake the same authorized developments or projects. Also, it is obvious that smaller populated counties often do not have the needs or problems of the larger populated counties and it is within the power of the legislature, constitutionally, to authorize special projects, including the levy of additional taxes for payment of same, as in the case at bar, wherein the legislature found and so expressed in its above cited statute that the tax could be levied on all taxable property in the county, wherein also the order of the Board of Supervisors creating the three garbage disposal districts provided that such garbage collection and disposal *Page 654 
districts were necessary because of the unwholesome and unhealthy conditions resulting from the handling of garbage and rubbish by individuals and dumped in open areas on public roads, rights-of-ways and in road drainage ditches, and that the deterioration of such garbage created such a stench and breeding place for flys, insects and germs to the extent as to be a health hazard to the local communities and the entire county, and that effort had been made to stop such practice prior to levying said tax, but without avail.
 Thus the tax was levied for a proper purpose and in the public interest and was authorized by act of the legislature."
Section 87, Miss.Const. 1890, provides:
 "No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted."
Construction of the above section does not require that all local and private laws violate the Constitution. Although general laws are preferred over private laws, the function of deciding the wisdom and propriety of enacting special laws is in the legislature and not in the courts, and courts will not refuse to enforce such laws merely because it may be felt that a general law would have been more suitable. Feemster v. City of Tupelo,121 Miss. 733, 83 So. 804 (1920).
Section 112, Miss.Const. 1890, sets forth:
 "Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value. Property shall be assessed for taxes under general laws, and by uniform rules, and in proportion to its value. But the legislature may provide for a special mode of valuation and assessment for railroads, and railroad and other corporate property, or for particular species of property belonging to persons, corporations, or associations not situated wholly in one county. But all such property shall be assessed in proportion to its value, and no county, or other taxing authority, shall be denied the right to levy county and special taxes upon such assessment as in other cases of property situated and assessed in the county. But the legislature may provide a special mode of assessment, fixing the taxable year, date of the tax lien, and method and date of assessing and collecting taxes on all motor vehicles."
Turner v. Cochran, 89 Miss. 206, 42 So. 876 (1906) and Jonesv. Drainage District, 102 Miss. 796, 59 So. 921 (1912) hold that Section 112 has no application to local assessments.
Murray v. Lehman, 61 Miss. 283 (1883), stated the rule that, while the legislature is to select the subject for taxation, it is mandatory that all persons in a like class and all property of the same kind be subjected to the same common taxation. That case held a local and private bill unconstitutional because it imposed a tax on those persons filing suit in Warren County which fell on and benefited the entire state, the payment of state judges' salaries. However, Murray is distinguished from the present case in that the tax was being used to pay for a service which was the responsibility of the entire state and was, in all areas, otherwise paid from the State Treasury. There was nothing special or peculiar about filing suit in Warren County that would justify the tax.
In the present case, a sanitary condition existed in Harrison County, one of the most populous counties in the state, which required prompt attention for the welfare of the general public in the county, and it cannot be said that such condition was a common characteristic or constituted a classification for every other county in Mississippi. Appellant relies upon Smith v.Transcontinental Gas Pipeline Corp., 310 So.2d 281 (Miss. 1975) and Wilson v. Jones Co. Board of Supervisors, 342 So.2d 1293
(Miss. *Page 655 
1977) that Harrison County could not be singled out or treated differently from other counties in the state. The statutes under review in the above cases were part of the general law of the state and were not local and private enactments. Both cases held in effect that different treatment afforded different and various entities must be based on some rational and reasonable ground bearing a proper relation to the object sought to be accomplished.
In Turner v. Cochran, supra, the legislature passed a bill dividing Jasper County into two (2) judicial districts and providing for the erection of a courthouse and jail with the revenue to be provided by taxing the property in the newly-created district only. The Court held that Section 112 of the Constitution was not violated because that section does not prohibit local assessments and, as to the new judicial district, the assessment was equal and uniform. The Court said:
 "The very able argument of counsel for appellants fails to convince us that these provisions are ultra vires. Section 112 of the constitution is, as we think, not violated, because, as uniformly held, it is not prohibitive of local assessments for local convenience, and as to the locality the assessment is equal and uniform, and, as we all agree, the act in fact makes a new county for court purposes." 89 Miss. at 213.
In Culley v. Pearl River Industrial Commission, 234 Miss. 788, 108 So.2d 390 (1959), Culley charged that a two-mill levy violated Section 112 of the Constitution when applied to property in the Pearl River Valley Supply District. This Court said:
 "Furthermore, the taxes are imposed equally on property within the District. No requirement of uniformity or equal protection under the Mississippi and Federal Constitutions limits the power of the Legislature in respect to the allocation, distribution and application of public funds. 84 C.J.S. Taxation § 34. The equal and uniform requirement relates to the levy of taxes, and not to the distribution or application of the revenue of the State. 51 Am.Jur., Taxation, Sec. 165. A somewhat similar ad valorem levy under the BAWI Act was upheld in Albritton v. City of Winona, 1938, 181 Miss. 75, 178 So. 799, 115 A.L.R. 1436." 234 Miss. at 813, 108 So.2d at 399.
In the present case, the assessments and tax levy are equal and uniform throughout the respective garbage disposal districts, and we are of the opinion that the Senate bill does not violate Sections 87 and 112, Miss.Const. 1890.
 II.
Did the court err in ruling that the Harrison County Board of Supervisors was, as a matter of law, presumed to have met any requirement of notice to the public of the intent to levy the Harrison County garbage disposal ad valorem tax due to its being a quasi-judicial body, and the stipulation by counsel being silent thereon?
Appellant argues that the chancellor should not have presumed as a matter of law that notice of the tax levy was given. The chancellor found the following on the question of notice:
 "Prior to the enactment of the last cited Code section, the statute under which the Harrison County Board of Supervisors levied the additional two mills in taxes had long been in existence and effect prior to the enactment of Section 19-5-23.
 Also, the stipulation made by counsel is insufficient for the court to make any definite determination as to notice on the initial tax pursuant to the 1964 act of the legislature cited hereinabove or whether any such notice was given. These are matters which must be in the record, whether by proof or by stipulation and not by argument, nor can the court speculate on same. The Board of Supervisors is a quasi-judicial body and the presumption of validity controls, even where the record is silent on the question of notice, where there is no proof to the contrary."
There is a presumption that public officers perform their duties in the manner *Page 656 
required by law and it is the responsibility of any person challenging the validity of an official, or official act, to show the invalidity by clear proof. Caruthers v. Panola County,205 Miss. 403, 38 So.2d 902 (1948); Bishop v. Chickasaw County,182 Miss. 147, 180 So. 395 (1938).
The stipulation does not indicate that there was not published a proper notice of the levy, there is no proof to the contrary, and we hold that the chancellor was correct in finding that the presumption of validity controlled. Nickey v. Mississippi,292 U.S. 393, 54 S.Ct. 743, 78 L.Ed. 1323 (1933); Anderson Bros. v.Stone, 227 Miss. 26, 85 So.2d 767 (1956).
 III.
Did the lower court err in failing to rule that the said Senate Bill 1999 violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and was, therefore, together with the Harrison County garbage disposal tax levied under its purported authority, void?
Appellant contends that there is no reasonable basis for classifying Harrison County by itself separate from the other eighty-one (81) counties. This argument has been discussed in Assignment No. I. Suffice it to say, the question of classification is for the legislature and there is a presumption in favor of legislative classification. The burden was upon appellant to show the invalidity of the legislative enactment by clear proof and he failed to meet that burden. Loden v.Mississippi Public Service Commission, 279 So.2d 636 (Miss. 1973).
Appellant argues throughout his brief that Sections 19-5-17
through 19-5-27, Mississippi Code Annotated (1972) supersede and repeal Senate Bill 1999. These sections were enacted and approved March 31, 1966. Section 19-5-27 reads:
 "It is the intention of sections 19-5-19 to 19-5-27
to provide counties a supplementary method for handling garbage and rubbish removal. It does not purport to repeal section 19-5-17 or sections 17-5-3
to 17-5-11, or any other existing law relating to the subject."
Repeal of statutes by implication is not favored by this Court and only where the conflict between two statutes is irreconcilable will the latter statute be held to have repealed the earlier one by implication. Bush v. City of Laurel,215 So.2d 256 (Miss. 1968).
There being no reversible errors in the trial of the case, the judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, ROBERTSON, P. JJ., and WALKER, BROOM, BOWLING and COFER, JJ., concur.
SUGG, J., took no part.