954 So.2d 530 (2007)
Burnell DAVIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00079-COA.
Court of Appeals of Mississippi.
April 24, 2007.
*531 Burnell Davis, appellant, pro se.
Office of the Attorney General by Jacob Ray, for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Burnell Davis, appearing pro se, appeals the denial of his motion for post-conviction relief by the Circuit Court of Copiah County. Finding no error, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Davis was arrested on charges of statutory rape in October of 2001. His preliminary hearing was on May of 2002, when Davis was appointed two defense attorneys. Davis claims that the night he was arrested, law enforcement officers obtained a DNA sample from him without a court order. Davis was indicted by a grand jury for statutory rape pursuant to Mississippi Code Annotated section 97-3-65 (Rev.2000) on June 7, 2002. Entering a plea of guilty on August 1, 2003, Davis was sentenced to five years in the custody of the Mississippi Department of Corrections ("MDOC") with nineteen months to serve and the remainder of the sentence suspended, with three years of post-release supervision.[1] This suspended sentence was conditioned on certain demands by the court, including that Davis "avoid injurious or vicious habits" and "abstain from the use of alcohol or illegal drugs." Additionally, in his petition to enter a plea of guilty, Davis acknowledged he waived all of his constitutionally guaranteed rights.
¶ 3. On March 1, 2004, Davis entered a plea of guilty to charges of "statutory rape-revocation of probation" in the Copiah County Circuit Court. Davis, on post-release supervision, had violated the terms and conditions of his sentence because, as the court order stated, he failed to avoid the injurious behavior of cocaine usage and failed to pay supervision fees as ordered. The circuit court revoked Davis's post-release supervision and sentenced him to serve three years and five months in the custody of the MDOC.
¶ 4. In May of 2005, Davis filed a complaint in the United States District Court for the Southern District of Mississippi *532 based on 42 U.S.C. § 1983. The federal court dismissed Davis's claim without prejudice, explaining that since Davis's only actionable claims involved the calculation of his sentence, a section 1983 action was an improper vehicle for the relief Davis desired. Instead, the federal court stated the proper vehicle would be the filing of a federal habeas corpus action. However, the federal court explained to Davis that he must first exhaust all state remedies. Consequently, on July 20, 2005, Davis filed a motion for post-conviction collateral relief in the Circuit Court of Copiah County, which was denied. Aggrieved, Davis timely appeals to this Court, arguing that (1) his constitutional rights were violated because he was incarcerated 191 days without an initial appearance or preliminary hearing, and DNA evidence was unlawfully obtained; (2) his indictment was illegal; (3) the revocation of his probation and imposition of his suspended time were unlawful; and (4) he was denied a speedy trial. Also implied in Davis's arguments is an ineffective assistance of counsel claim.

STANDARD OF REVIEW
¶ 5. This Court's standard of review for the denial of a motion for post-conviction relief is well-established. We will not alter the findings of the trial court unless they are clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct. App.2002) (citation omitted). Questions of law are reviewed de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ISSUES AND ANALYSIS
1. Whether Davis waived his right to an initial appearance or preliminary hearing, whether his constitutional right to a speedy trial was violated, and whether DNA evidence was obtained unlawfully.
¶ 6. Davis actually argues two seemingly distinct issues here-the alleged delay in the proceedings and procurement of DNA evidence-but since they are legally related, we will address them together. We will also combine, for judicial economy, Davis's fourth issue, which contends a violation of his constitutional right to a speedy trial, and which is related to his issue regarding delay in the proceedings.
¶ 7. Davis argues that 191 days passed from his arrest until he was afforded an initial appearance or a preliminary hearing, violating Mississippi law and his constitutional right to a speedy trial. Additionally, Davis claims law enforcement officers procured a DNA sample without a court order, in violation of Davis's Sixth and Fourteenth Amendment rights. Davis cites Coleman v. State, 592 So.2d 517 (Miss.1991), for the proposition that an inexcusable delay in providing an initial appearance renders the taking of DNA samples and a subsequent confession inadmissible. Id. at 521.
¶ 8. Our case, however, is distinguishable from Coleman in that here Davis pled guilty to the charges of statutory rape, instead of confessing during an interrogation as was the case in Coleman. The Mississippi Supreme Court has "recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Rowe v. State, 735 So.2d 399, 400(¶ 4) (Miss.1999) (citing Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991)). The court explains that "[w]e have generally included in this class `those [rights] secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890.'" Id. (quoting Sanders v. State, 440 So.2d 278, 283 (Miss. 1983)). Further, Davis signed a petition to *533 enter a plea of guilty, which was not a part of the record originally but was obtained by this Court and examined. This document acknowledges that Davis agreed to waive all of his constitutional rights. This waiver would include Davis's right to a speedy trial, as well as any defects in obtaining a DNA sample. Accordingly, this issue is without merit.
2. Whether Davis's indictment was illegal.
¶ 9. Next, Davis argues that his indictment was illegally obtained for the following reasons: neither the victim nor any family member testified before the grand jury, the indictment was not a true bill because the grand jury never met, and there was a jurisdictional defect in the indictment.
¶ 10. Regarding Davis's first contention, there is no legal requirement that a grand jury call witnesses favorable to the accused. In fact, the grand jury has broad latitude in its investigative powers, and the court will usually not interfere with the grand jury absent a strong reason to do so. Ex Parte: Jones Co. Grand Jury: State v. Pacific, 705 So.2d 1308, 1315(¶ 32) (Miss. 1997) (citing 38A C.J.S. §§ 76, 78, 131).
¶ 11. Second, Davis claims that the indictment is not a "true bill." Yet, "it is the responsibility of any person challenging the validity of an official, or official act, to show the invalidity by clear proof." Gray v. State, 819 So.2d 542, 547(¶ 24) (Miss.Ct.App.2001) (quoting Harris v. Harrison Co. Bd. of Supervisors, 366 So.2d 651, 656 (Miss.1979)). Any evidence must be balanced by the "strong presumption that the official acts of [public] officers are valid." Id. (quoting Raper v. State, 317 So.2d 709, 712 (Miss.1975)). Davis fails to present any evidence in support of his contention.
¶ 12. Davis cites Gray regarding his assertion that the grand jury never met and thus his indictment was illegal. In Gray, which is an appeal from a post-conviction relief petition, the defendant claimed his indictment was "manufactured"; however, the defendant was only able to provide "indirect and incompetent evidence." Gray, 819 So.2d at 547(¶ 27). Yet, Gray was reversed and remanded not because the indictment was probably fabricated, but in order to move beyond a successive motion bar. Id. Davis has not provided any documentation to support his contention that the grand jury never met, nor does this Court have any documents in the record in support of this contention.
¶ 13. In May of 2006, in a possible attempt to provide evidence in support of his allegation that the indictment was manufactured, Davis filed an affidavit to this Court, including a copy of the indictment, again claiming it was not a true bill. Davis claims the signature of the district attorney, Alexander Martin, does not say "Alexander Martin." This Court was already provided, as a part of the appellate record, a copy of the indictment, filed June 7, 2002. Upon inspection, we fail to see a defect regarding the district attorney's signature. As for a "jurisdictional defect" in the indictment, Davis does not elaborate, and we do not find one. Accordingly, we find the indictment valid. This issue is without merit.
3. Whether the revocation of Davis's probation and imposition of suspended time was unlawful.
¶ 14. Davis contends that the revocation of his probation, and imposition of his suspended time were unlawful, which rendered his suspended sentence unconstitutional and made the imposition of a five-year sentence illegal. The trial court originally sentenced Davis to five years in the *534 custody of the MDOC, with nineteen months to serve and the remainder of the sentence suspended. Davis was placed on three years of post-release supervision. The suspended sentence was conditioned on Davis's abstaining from drug usage, among other conditions. Davis apparently failed to abstain from cocaine usage and failed to pay supervision fees. On March 1, 2004, in the Circuit Court of Copiah County, Davis entered a plea of guilty to the charge of "Statutory Rape-Revocation of Probation." The court thereby revoked Davis's probation and sentenced him to serve three years and five months in the custody of the MDOC.
¶ 15. Davis cites Goss v. State, 721 So.2d 144, 145(¶ 7) (Miss.1998), and Robinson v. State, 585 So.2d 757, 759 (Miss.1991) for the assertion that a court cannot partially suspend a sentence for a previously convicted felon. According to Davis's guilty plea petition, Davis had been convicted of the prior felony of sale of cocaine. In his brief, Davis states this was in March of 1994, and he was sentenced to serve ten years.
¶ 16. However, the Mississippi Supreme Court overruled Goss with Carter v. State, 754 So.2d 1207 (Miss.2000) because of the similar problem which would be created here: if Goss's holding were followed, it would "restrict unnecessarily the trial courts' ability to impose a split-sentence upon a previously convicted felon." Carter, 754 So.2d at 1210(¶ 8). In Goss, Mississippi Code Annotated section 47-7-33 (Supp.1993) was interpreted to mean that where a defendant has been convicted of a prior felony, it is improper for the trial court to sentence the defendant to probation or a suspended sentence. Goss, 721 So.2d at 146 (¶ 12). However, Carter, in overruling Goss, holds that Mississippi Code Annotated section 47-7-34 (Supp. 1999) creates the post-release supervision program for those already convicted of a felony, and this "program creates a split-sentencing option for repeat offenders. The program is different from § 47-7-33 (1993) probation in that it does not allow the combined terms [of incarceration and post-release supervision] to exceed the statutory maximum period of incarceration. Post-release supervision is a legislative creation separate and distinct from probation." Carter, 754 So.2d at 1208(¶ 4). Further, Mississippi Code Annotated section 47-7-37 (Supp.2006) states that at any time during the probation period the court may arrest the probationer for violating the conditions of his probation or suspension of sentence. If the probationer is arrested, the judge shall have the authority "to continue or revoke all or any part of probation or . . . the suspension of sentence, and may in case of revocation proceed to deal with the case as if there had been no probation." Miss.Code Ann. § 47-7-37 (Supp.2006) (emphasis added.)
¶ 17. In our case, Davis had a suspended sentence with three years of post-release supervision, which is proper for a defendant with a prior felony conviction under section 47-7-34. Once he violated the terms of his suspended sentence, the post-release supervision was revoked, which is proper under section 47-7-37. The judge then ordered Davis to serve three years and five months in the custody of MDOC. This sentence equates to the remainder of his five-year sentence which was suspended. Davis was given credit for his nineteen months of time served in the Copiah County jail. Therefore, the imposition of a three year and five month sentence by the trial court was proper. We find this issue to be without merit.
4. Whether Davis's counsel were ineffective.
¶ 18. Davis was appointed two lawyers. Davis makes an implied argument *535 that his defense counsel were ineffective because one of his lawyers coerced him to plead guilty. The test for ineffective assistance of counsel is articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant bears the burden of establishing this claim, and must prove (1) that defense counsel's performance was deficient when measured by the standard of reasonable professional competence, and (2) the defendant was prejudiced by counsel's failure to meet this standard. Pleas v. State, 766 So.2d 41, 42(¶ 3) (Miss.Ct. App.2000) (citing Wiley v. State, 750 So.2d 1193, 1198(¶ 11) (Miss.1999)). If a defendant pleads guilty, the key issue is if counsel's performance had been effective, there was a reasonable probability the defendant would not have pled guilty but would have gone to trial. Id. at 43(¶ 7) (citing Bell v. State, 751 So.2d 1035, 1038(¶ 14) (Miss. 1999)). The record before us is void of any evidence that the performance of either of Davis's attorneys was deficient. Davis signed his plea petition on August 1, 2003, in which he acknowledges his satisfaction with his counsel, and he was subsequently released from incarceration. There is no evidence in the record of involuntariness or ignorance on the part of Davis in signing the plea agreement. Therefore, this issue is without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Davis claims he was incarcerated from the time of his arrest on October 26, 2001, until he pled guilty on August 1, 2003, after which apparently he began post-release supervision pursuant to the sentencing order, having received credit for serving nineteen months in the Copiah County jail.