# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00593-COA

**HOWARD HAYS A/K/A HOWARD THURMAN HAYS JR. A/K/A HOWARD HAYES JR.**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

DATE OF JUDGMENT:            02/20/2018
TRIAL JUDGE:                 HON. MARGARET CAREY-McCRAY
COURT FROM WHICH APPEALED:   LEFLORE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      HOWARD HAYS (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BILLY L. GORE
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 08/13/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., LAWRENCE AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.    Howard Hays appeals from the dismissal of his second motion for post-conviction relief (PCR).  Agreeing with the circuit court that Hays's second PCR motion is barred as successive, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    In 2015, Howard Hays pled guilty to one count of commercial burglary (Count I) and one count of auto theft (Count II).  The circuit court sentenced Hays to serve seven years, day for day, as a non-violent habitual offender for Count I and five years, day for day, as a non-violent habitual offender for Count II.  The circuit court also ordered that Hays's sentences

run consecutively.

¶3.     In March 2016, Hays filed his first PCR motion in the circuit court, asserting (1) ineffective assistance of counsel, (2) failure to provide a timely initial appearance, (3) that the State unlawfully detained him for more than 180 days without a formal charge, and (4) that the State charged him with grand larceny based upon an affidavit for petit larceny.[1]  In July 2017, the circuit court summarily denied Hays's PCR motion, finding it was not well taken.  Hays did not file a timely notice of appeal.[2]

¶4.     Nonetheless, in September 2017, Hays filed a second PCR motion, making the same and additional assertions.  The circuit court summarily dismissed Hays's second PCR motion, finding it was barred as an impermissible successive writ.  Hays now appeals.

STANDARD OF REVIEW

¶5.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)).

---

[1] The appellate record initially did not contain any material that was filed in Hays's underlying criminal case (Cause No. 2015-0104) or his first PCR action (Cause No. 2016-0026).  Accordingly, on its own motion, this Court requested the Leflore County Circuit Clerk supplement the record with certified copies of all clerk's papers and transcripts that were filed in cause numbers 2015-0104 and 2016-0026.

[2] Hays filed an untimely notice of appeal in circuit court on December 21, 2017.  However, there is nothing in the record indicating that Hays was granted permission to proceed with an untimely notice of appeal. *See* M.R.A.P. 2(c).

DISCUSSION

¶6.     "Under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion." *Evans v. State*, 115 So. 3d 879, 880 (¶2) (Miss. Ct. App. 2013); *see also* Miss. Code Ann. § 99-39-23(6) (Rev. 2015). On appeal, Hays does not dispute that his claim is procedurally barred. Instead, Hays raises a number of issues regarding his constitutional rights. Hays asserts that (1) he was denied a timely initial appearance; (2) he received ineffective assistance of counsel; (3) he was denied his right to cross-examine witnesses; (4) he was prosecuted on a defective indictment; (5) he was convicted under an unconstitutional statute; (6) he was ordered to serve an illegal sentence; (7) his Fourth Amendment rights were violated; (8) the State used fraudulent warrants for his arrest; (9) his Fourteenth Amendment rights were violated; and (10) his sentence must be vacated.

¶7.     Errors affecting certain fundamental rights are excepted from PCR procedural bars. *Carter v. State*, 203 So. 3d 730, 731 (¶7) (Miss. Ct. App. 2016). "[F]our types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Green v. State*, 235 So. 3d 1438, 1440 (¶9) (Miss. Ct. App. 2017) (quoting *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015)). But "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011) (citing *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct.

App. 2010)). "There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Id.* Further, "the movant[] bears the burden of proving an exception applies to the UPCCRA's procedural bars." *Gunn*, 248 So. 3d at 942 (¶19) (citing *Brandon v. State*, 108 So. 3d 999, 1004 n.3, 1006 (¶¶12, 23) (Miss. Ct. App. 2013)).

¶8.    We address each of Hays's contentions in turn. Ultimately, we affirm the circuit court's dismissal of Hays's second PCR motion because Hays has failed to demonstrate that an exception to the successive-writ bar applies.

### I.    Right to a Timely Initial Appearance

¶9.    Hays first contends that he was denied a timely initial appearance.[3] However, Hays previously asserted that he was denied a timely initial appearance in his first PCR motion, and he cannot relitigate an issue that was already decided. *Lyons v. State*, 990 So. 2d 262, 265 (¶13) (Miss. Ct. App. 2008).

¶10.    In denying his previous PCR motion, the circuit court found that Hays's assertion lacked merit because Hays waived his timely initial appearance claim by pleading guilty. We agree. "The Mississippi Supreme Court has 'recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.'" *Davis v. State*, 954 So. 2d 530, 532 (¶8) (Miss. Ct. App. 2007) (quoting *Rowe v. State*, 735 So. 2d 399, 400 (¶4) (Miss. 1999)); *see also Reeves v. State*, 256 So. 3d 632, 635 (¶10) (Miss. Ct. App. 2018) ("[T]he entry of a valid guilty plea waives the right to an initial appearance and

---

[3] Hays's ninth assertion, that his Fourteenth Amendment rights were violated, is likewise premised on the purported denial of "his initial appearance and preliminary hearing in front of a judge." As these are the same arguments, we will not separately address Hays's Fourteenth Amendment assertion.

a preliminary hearing."). The record reflects that Hays made a knowing and voluntary guilty plea. This issue is presented in a successive motion that is barred and lacks merit.

## II.  Ineffective Assistance of Counsel

¶11.  Hays next contends that he received ineffective assistance of counsel. Under "extraordinary circumstances," ineffective assistance of counsel can constitute an exception to the statutory time-bar. *Brown v. State*, 187 So. 3d 667, 670-71 (¶7) (Miss. Ct. App. 2016) (quoting *Chapman v. State*, 167 So. 3d 1170, 1173-74 (¶¶10-13) (Miss. 2015)). But here, Hays has "failed to establish a basis for his claims of ineffective assistance of counsel" that would constitute such an exception. *Id*. at 671 (¶8). Hays also asserted ineffective assistance of counsel in his first PCR motion, which was denied. Accordingly, Hays cannot relitigate this issue; his request was presented in a successive motion that is barred. *Lyons*, 990 So. 2d at 265 (¶13).

## III.  Right to Cross-Examine

¶12.  Hays asserts that he was denied his right to cross-examine witnesses. The right to cross-examine witnesses is not a fundamental right that survives PCR procedural bars. *See Williams v. State*, 228 So. 3d 844, 848 (¶11) (Miss. Ct. App. 2017) (finding trial court's failure to specifically enumerate the defendant's right to cross-examine adverse witnesses is not a violation of a fundamental right that would survive PCR procedural bars). Further, "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Davis*, 954 So. 2d at 532 (¶8) (quoting *Rowe*, 735 So. 2d at 400 (¶4)). This includes "one's rights related to a speedy trial, refusal of self-incrimination, confrontation

5

of accusers, *cross-examination of witnesses*, a jury trial, and the State's obligation to prove guilt beyond a reasonable doubt." *Knight v. State*, 192 So. 3d 360, 364 (¶12) (Miss. Ct. App. 2016) (emphasis added).

¶13. The record reflects that Hays was aware that he was waiving his right to cross-examine witnesses when he made his guilty plea. Hays's petition to enter a plea of guilty, signed by Hays on October 9, 2015, specifically states:

> By pleading guilty to the charges against me, I give up the following rights guaranteed to me by the Constitution of the United States of America and the Constitution of the State of Mississippi:
>
> (a)     the right to a speedy and public trial by jury;
> (b)     the right to see, hear and face in open court all witnesses called to testify against me, and the right to cross examine those witnesses . . . .
>
> I present this petition of my own free will and accord.

Accordingly, the record reflects that Hays voluntarily and knowingly waived his right to cross-examine witnesses. Hays's assertion that he was denied the right to cross-examine witnesses thus lacks merit, and the argument was presented in a successive motion that is barred.

### IV.     Defective Indictment

¶14. Hays's fourth assertion, that he was prosecuted on a defective indictment, is likewise procedurally barred. Claims alleging defective indictment are subject to the UPCCRA's procedural bars. *Stokes*, 199 So. 3d at 749 (¶13). However, "if [the] indictment failed to allege an essential element of the crime . . . , [Hays] would not be precluded from raising that issue now." *Wilson v. State*, 203 So. 3d 762, 765 (¶9) (Miss. Ct. App. 2016). This is not the

6

case here.

¶15.    Hays's indictment included one count of commercial burglary and one count of auto theft.  The indictment listed the sections of the statutes under which Hays was charged and tracked the language of the statutes.[4]  "Generally, if an indictment tracks the language of a criminal statute, it is sufficient to inform the defendant of the charged crime." *Randall v. State*, 148 So. 3d 686, 688-89 (¶10) (Miss. Ct. App. 2014).  We find Hays's indictment sufficiently informed Hays of the charges against him, and Hays's defective indictment claim does not otherwise survive the UPCCRA's procedural bars.

## V.    Unconstitutional Statute

¶16.    In contending that he was convicted under an unconstitutional statute, Hays asserts the State erred by charging him with grand larceny rather than petit larceny because "the property value is at $500 in the [arresting officer's affidavit]."  This assertion does not raise any constitutional infirmity regarding the larceny statutes.  Moreover, Hays asserted that the State charged him with grand larceny based upon an affidavit for petit larceny in his first PCR motion, which the circuit court denied.  Thus, this issue is procedurally barred and lacks merit.

---

[4] Pursuant to Mississippi Code Annotated section 97-17-33 (Rev. 2015), "Every person who shall be convicted of breaking and entering . . . any shop, store, booth, tent, warehouse, or other building . . . in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, . . . shall be guilty of burglary . . . ."  And "[t]he essential elements of auto theft [are] that the defendant (a) willfully and (b) without authority (c) took possession of or took away (regardless of whether the intent was to permanently or temporarily possess or dispossess) (d) a motor vehicle of any value belonging to another." *Spearman v. State*, 80 So. 3d 116, 121 (¶23) (Miss. Ct. App. 2011).  Hays's indictment properly charged the essential elements of commercial burglary and auto theft.

## VI.    Illegal Sentence

¶17.    Hays next contends that his sentence is illegal.  The right to be free from an illegal sentence is a fundamental right that has been found to survive PCR procedural bars.  *Green*, 235 So. 3d at 1440 (¶9).  Still, "[t]here must at least appear to be some basis for the truth of the claim before the procedural bar will be waived."  *White*, 59 So. 3d at 636 (¶11) (citing *Chandler*, 44 So. 3d at 444 (¶8)).  As the appellant, Hays "has the duty to make more than mere assertions and should set forth reasons for his arguments and cite authorities in their support."  *Walker v. State*, 823 So. 2d 557, 562-63 (¶13) (Miss. Ct. App. 2002).  And "this Court is under no duty to consider assignments of error when no authority is cited."  *Id.* (citing *Drennan v. State*, 695 So. 2d 581, 585-86 (Miss. 1997)).  In regard to this claim, Hays contends, in the conclusion of his brief, that his "sentence is illegal due to fundamental . . . violations of the constitution of the state of Mississippi in Article [Three] Section[s] [Fourteen, Twenty-Three, and Twenty-Six] and constitutional violations of the United States of the [Fourth, Fifth, Sixth, and Fourteenth Amendments]."  Hays does not offer any record support for his contention that his sentence is illegal.  Nor does Hays cite any supporting authority.  Such conclusory allegations are not sufficient, and we therefore do not address the issue of illegal sentence.

## VII.    Fourth Amendment Violation

¶18.    Finally, Hays asserts that the State violated his Fourth Amendment rights by arresting him without a warrant.[5]  Fourth Amendment rights are not one of the fundamental rights that

---

[5] Hays also contends that the warrants used for his arrest were fraudulent.  As these issues overlap, we do not separately address Hays's fraudulent warrant assertion.

have been found to survive PCR procedural bars. Further, "[a] valid [guilty] plea waives the defendant's right to make certain constitutional challenges, including those under the Fourth Amendment." *Swilley v. State*, 93 So. 3d 901, 904 (¶8) (Miss. Ct. App. 2012). By entering a valid guilty plea, Hays waived his right to assert that his Fourth Amendment rights were violated. Accordingly, Hays's Fourth Amendment claim is also procedurally barred and lacks merit.

## CONCLUSION

¶19. Hays fails to meet the burden of proving an exception applies to the UPCCRA's successive-writ bar as to any claims he raises on appeal. We therefore affirm the circuit court's dismissal of Hays's second PCR motion as impermissively successive.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD AND LAWRENCE, JJ., CONCUR. McCARTY, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD, J.; WESTBROOKS AND LAWRENCE, JJ., JOIN IN PART.**

**McCARTY, J., CONCURRING IN RESULT ONLY:**

¶21. While I agree with the result the majority reached, I write separately to illustrate that we should not adhere to a limited list of fundamental rights as exceptions to the procedural bar. There are no "lists" of rights that are better than others. We should strive to ensure that all constitutional rights of all Mississippians—including those incarcerated—are honored.

¶22. Accordingly, *Rowland* does not erect a wooden ceiling over PCR cases, but a concrete floor underneath. *See Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010) ("[E]rrors

9

affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA."). Applying a procedural bar to errors affecting fundamental rights is a "significant . . . deprivation of liberty . . . ." *Id.* at (¶10). Although not listed by the majority here, our Supreme Court has recently re-affirmed that "ineffective assistance of counsel can constitute an exception to the waiver and successive-writ bars." *McCoy v. State*, No. 2017-M-01735, 2019 WL 1578752, at *1 (Miss. Mar. 26, 2019). In that case, the Court then proceeded to the merits of the claim for resolution. *Id.*

¶23. Every person is entitled to a fair and impartial trial. As such, our federal and state constitutions guarantee the protection of fundamental and constitutional rights. *See generally* U.S. Const. amends. V, VI; Miss. Const. art. 3, §§ 22, 25, 27. In most cases, rather than recite a list of lengthy bars, I would recommend proceeding on the merits. We should ensure that any issues regarding fundamental constitutional rights are adequately reviewed and resolved.

**McDONALD, J., JOINS THIS OPINION. WESTBROOKS AND LAWRENCE, JJ., JOIN THIS OPINION IN PART.**